IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEOTHER TIDWELL,
#N41754,

      Plaintiff,

v.

LYNDSEY TROTTER,

      Defendant.

Case No. 24-cv-01645-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Notice of Removal filed by Defendant Lyndsey Trotter. For the reasons set forth below, the Court finds removal proper, and this case will be administratively closed.

### BACKGROUND

Plaintiff Cleother Tidwell, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center, originally filed this Complaint in the Circuit Court for the Second Judicial Circuit, Lawrence County, in the State of Illinois. In his Complaint, Tidwell alleges that he was issued a false disciplinary ticket for sexual misconduct and found guilty of the alleged offense after a faulty disciplinary hearing. Plaintiff brings his claims under "various torts and statutory violations," as well as federal statute 42 U.S.C. §1983 for violations of his constitutional rights. (Doc. 1-1, p. 7-8, 20). On July 2, 2024, Defendant Lyndsey Trotter removed the case to this Court pursuant to 28 U.S.C. §§1441, 1443, and 1446, asserting that the Court has original jurisdiction of Tidwell's claims involving constitutional issues under the First Amendment of the United States Constitution. (Doc. 1, p. 3).

Cleother Tidwell is a restricted filer. He has been sanctioned by the Court with monetary

fines and barred from filing any papers in any civil litigation in this District, regardless of when the case was filed, and from pursuing new civil litigation in this District until the sanctions are paid. *See Tidwell v. Menard C.C.*, No. 16-cv-384-SMY (S.D. Ill. Aug. 10, 2017, Doc. 43, 109);[1] *Tidwell v. Cunningham*, No. 18-cv-1448-SMY (S.D. Ill. Sept. 18, 2018, Doc. 9)[2] (imposing additional sanctions for attempts to avoid the filing ban by filing cases in districts with no connection to claims or litigants involved in the case); *Tidwell v. Hopkins,* No. 19-cv-00239-NJR (S.D. Ill. Feb. 26, 2019, Doc. 9) (imposing an additional sanction for attempting a sixth time to avoid the filing ban by filing in a different federal judicial district).[3] Despite these filing restrictions, the defendants retain the right to remove the lawsuit from state to federal court. *See In re Matter of Skupniewitz,* 73 F.3d 702, 705 (7th Cir. 1996) (sanction against plaintiff that prohibited filing complaints or motions did not prevent defendants from removing the action to federal court).

The Court allowed Tidwell to file a response to the Notice of Removal but advised him that all other papers would be returned in accordance with the filing ban. (Doc. 4). *See In re Matter of Skupniewitz,* 73 F. 3d at 706; *Von Flowers v. Canziani,* No. 04-C-892-C, 2004 WL 2810088 (W.D. Wisc. 2004) (denying motion to dismiss the complaint filed by a restricted filer after it had been removed to federal court); *Tidwell v. Donaby,* No. 20-00918-NJR (S.D. Ill. Sept. 16, 2020, Doc. 9, Objection filed by Tidwell); *Tidwell v. Conner,* No. 22-cv-01562 (S.D. Ill. Aug. 2, 2022, Doc. 11) (originally allowing Tidwell to file a response to the Notice of Removal but then striking

---

[1] Tidwell appealed the filing ban. *See Tidwell v. Clendenin,* Appellate Case No. 17-3020 ("Appellate Case"). But the Seventh Circuit denied Tidwell's Motion for Leave to Appeal *in forma pauperis*, finding Tidwell failed to identify "a good faith issue that the district court erred in denying [Tidwell's] motions and imposing sanctions and a filing ban." (Appellate Case, Doc. 17). Subsequently, on January 10, 2018, the appeal was dismissed for failure to pay the filing fee. (Appellate Case, Doc. 20).

[2] Tidwell appealed the closing of his case and additional sanction, *Id.* at Doc. 10, but later voluntarily dismissed the appeal. *See Tidwell v. Cunningham*, Appellate Case No. 18-3079 (Docs. 4-5).

[3] Tidwell appealed, and the appeal was dismissed for failure to pay the filing fee. *See Tidwell v. Hopkins,* Appellate Case No. 19-1462 (Doc. 3).

the response for inflammatory and offensive comments). Tidwell filed a response on July 12, 2024. (Doc. 5). In his response, Tidwell questions the validity of the removal as all named defendants have not consented to the removal. Defendant Trotter did not file a reply to Tidwell's response or objection to removal.

## DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing where such action is pending." After receipt of the complaint, a defendant has thirty days to file a notice of removal. 28 U.S.C. §1446(b)(1). Valid removal requires the consent of all defendants, unless they were not properly served at the time of removal. 28 U.S.C. § 1446(b)(2)(A). *See also Phoenix Container, L.P. v. Sokoloff,* 235 F. 3d 352, 353 (7th Cir. 2000) (noting that joining in the notice is "an essential step"). A plaintiff may oppose removal and maintains "a right to remand if the defendant did not take the right steps when removing." *Matter of Cont'l Cas. Co.,* 29 F. 3d 292, 294 (7th Cir. 1994) (discussing non-jurisdictional objections to removal). A plaintiff "objecting to removal on the basis of any defect in removal procedure, may, within 30 days, file a motion asking the district court to remand the case to state court." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 69 (1996) (internal citations and quotation omitted); 28 U.S.C. § 1447(c). The party "seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo,* 718 F. 3d 660, 668 (7th Cir. 2013).

Here, the Court finds that removal is proper. Tidwell objects to the removal of the case based on a lack of consent by all the defendants named in the Complaint – Carie, Puckett, Johnson, Trotter, Basnett-Pottorf, and Crawford. (*See* Doc. 1-1, p. 7). Trotter states that as of July 2, 2024,

she was the only defendant properly served in the case, and the state court record submitted with Trotter's Notice of Removal contains no proof of service on any of the other defendants. (s*ee* Doc. 1, p. 2; Doc. 1-3, p. 1). Consent is only required of those defendants who have been served prior to removal. 28 U.S.C. §1446(b)(2)(A). Because Tidwell has not accomplished proper service of process on the other individual defendants, and "still has not as of the date of this order,[4] [Trotter] did not need their consent before removing the case." See *Gray v. Walgreens Boots Alliance, Inc.,* No. 23 CV 11441, 2024 WL 2863332, at *5 (N.D. Ill. June 6, 2024). Therefore, the Court finds that removal was not procedurally defective based a lack of consent. Furthermore, the case was properly removed because it raises constitutional claims pursuant to 42 U.S.C. § 1983 (*see* Doc. 1-1, p. 9, 16, 20, 25), thus raising a federal question justifying removal. *See* 28 U.S.C. § 1331. To the extent Tidwell is requesting that this case be remanded to state court, the request is **DENIED**.

Although removal is proper, the case will be dismissed and administratively closed. Tidwell has not yet satisfied the conditions of the filing ban,[5] so he is still restricted before the Court. He cannot circumvent the filing restriction by filing an action in state court and waiting for the defendant to remove it. This is a common tactic by restricted filers, and it is not the first time that Tidwell has attempted to avoid the filing ban. *See Tidwell v. Donaby,* No. 20-cv-00918-NJR (S.D. Ill.) (Doc. 10) (administratively closing case removed from the Circuit Court for the Twentieth Judicial Circuit, Randolph County, Illinois); *Tidwell v. A Known Liar,* No. 22-cv-02154 (S.D. Ill. Sept. 23, 2022) (discussing Tidwell's history of avoiding the filing ban by filing in other federal judicial districts). *See also Akers v. United States*, Nos. 20-cv-581-JPG (Doc. 13), 20-cv-592-JPG (Doc. 8), and 20-cv-638-JPG (Doc. 8) (administratively closing cases removed from the

---

[4] *Tidwell v. Lynsey Trotter*, 2024MR10 (2nd Judicial Circuit) (Apr. 30, 2024); https://www.judici.com/courts/cases/case_history.jsp?court=IL051015J&ocl=IL051015J,2024MR10,IL051015JL2024MR10P1 (last visited Nov. 6, 2024).

[5] As of November 6, 2024, Tidwell owes $4,171.14 in outstanding filing fees and has not paid his monetary fines.

Circuit Court for the First Judicial Circuit, Williamson County, Illinois); *Jonassen v. True*, No. 20-cv-00238-SMY, 2020 WL 6203233 (S.D. Ill. Oct. 22, 2020) (dismissing case removed from Circuit Court for the First Judicial Circuit, Williamson County, Illinois). Allowing Tidwell to continue prosecuting this action would render the filing restriction meaningless, and the Court will not allow him to proceed in this manner.

## DISPOSITION

For the reasons stated, to the extent Tidwell is requesting that this case be remanded back to state court, the request for remand (Doc. 5) is **DENIED.** This case is **DISMISSED** and shall be **ADMINISTRATIVELY CLOSED**.

**IT IS SO ORDERED.**

**DATED: November 6, 2024**

                                                        *s/Stephen P. McGlynn*
                                                       **STEPHEN P. MCGLYNN**
                                                       **United States District Judge**